UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:12CV854 CDP |
| | ) |
| US BANK NA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Andre and Lori Willis filed a complaint in the Circuit Court of St. Louis County, Missouri against defendant US Bank NA. The Complaint sought a declaratory judgment of superior title on a piece of real property along with an injunction restraining, enjoining, and prohibiting US Bank from removing them from the property by any legal or illegal means. It also alleged fraud and violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. US Bank has moved to dismiss each count of the Complaint. Because the Complaint fails to state a claim upon which relief may be granted, I will grant US Bank's motion and dismiss this case in its entirety.

### Legal Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a

motion is to test the legal sufficiency of the complaint. A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Unless, of course, the plaintiff is alleging fraud or mistake, in which case the complaint must "state with particularity the circumstances." Fed. R. Civ. P. 9(b). When considering a 12(b)(6) motion, the court should assume all factual allegations of a complaint are true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). While the complaint need not contain detailed factual allegations, the plaintiff must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* As such, a complaint will not suffice if it contains naked assertions devoid of factual enhancements. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1944 (2008).

*Bell Atlantic* established the "plausibility standard," which replaced the "no set of facts" jurisprudence, and it requires the plaintiff to plead factual content that will allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic*, 550 U.S. at 556. Plausibility requires more than a mere possibility that a defendant has acted unlawfully, but does not require a showing of probability; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegality. *Id.* A

complaint should not be dismissed merely because the court doubts a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Generally, if "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Courts "may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp.*, 543 F.3d at 982 (internal citations and quotations omitted); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004) (opining that a court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" without converting the motion to dismiss into a motion for summary judgment).

## The Complaint

According to the Complaint, on January 30, 1989, the plaintiffs became owners in fee simple of real property located at 645 Kehrs Mill Road, Ballwin, Missouri 63011. On August 21, 2006, plaintiff Lori Willis executed an Adjustable Rate Note in favor of Accredited Home Lenders, Inc. and both plaintiffs, Andre and Lori Willis, executed a Deed of Trust in favor of Accredited. The Complaint also alleges that plaintiffs were never in default to Accredited, and that, "on information and belief" Accredited is the legal holder of the Note and Deed of Trust. The Complaint further claims that US Bank was not involved in the financing transaction that lead to the plaintiffs' purchase of the property, US Bank was not the legal holder of any Note or Deed of Trust executed by plaintiffs, no valid and legally enforceable document exists that transfers or assigns the plaintiffs' Note or Deed of Trust to US Bank, and US Bank had no standing to foreclose on plaintiffs' property.

## Note, Deed of Trust, and Assignment[1]

US Bank has presented evidence that the Adjustable Rate Note in favor of Accredited Home Lenders, Inc. shows that plaintiff Lori Willis borrowed and agreed to repay $243,000. The Note is endorsed in blank. It states that Ms. Willis

---

[1] The Note and Deed are referenced in the Complaint. The Deed is also a matter of public record. And the Assignment is necessarily embraced by the Complaint's reference to the Deed itself and is also a matter of public record.

"understand[s] that Lender may transfer the Note" and that "[t]he Note or a partial interest in the Note (together with the Security Interest) can be sold one or more times without prior notice to the Borrower." The Note also expressly waives any right of presentment that might otherwise have been granted by Missouri statute. Further, the Deed of Trust that both plaintiffs signed in favor of Accredited was recorded in the Office of the Recorder of Deeds of St. Louis County. The Deed also states that "[t]he Note or a partial interest in the Note (together with the Security Interest) can be sold one or more times without prior notice to the Borrower" and that "any Borrower who co-signs his Security Instrument but does not execute the note . . . is co-signing the Security Instrument only to mortgage, grant and convey the co-signer's interest in the property under the terms of the Security Instrument."

On October 27, 2011, the Deed was assigned to US Bank. On December 19, 2011, the assignment was recorded in the Office of the Recorder of Deeds of St. Louis County. US Bank, by and through it agents, informed the plaintiffs that US Bank would not pursue foreclosure if the plaintiffs complied with requests for documents and other information, that it was US Bank's practice to work with borrowers who wished to explore work out options, and that the plaintiffs were being considered for a loan modification. Later, US Bank commenced foreclosure proceedings. This lawsuit followed.

## Discussion

The initial count of the four count Complaint seeks a declaratory judgment of superior title. Under Missouri law, any person claiming title, estate, or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property. . .." Mo. Rev. Stat. § 527.150(1). To state a cause of action to quiet title, a plaintiff must allege: (1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff. *Howard v. Radmanesh*, 586 S.W.2d 67, 67 (Mo. Ct. App. 1979) (citing *Randall v. St. Albans Farms, Inc.*, 345 S.W.2d 220, 221 (Mo. 1961)). Although the plaintiffs allege that US Bank was not the legal holder of the Note and Deed of Trust and that those were not legally transferred or assigned to US Bank, those legal conclusions are refuted by the evidence referenced in the Complaint and existing in the public record. US Bank has presented evidence that it is the legal holder of the Note and Deed of Trust, and the plaintiffs have failed to supply any meaningful response to that evidence. The plaintiffs have failed to state a plausible claim of superior title to the property in question, and so Count I of the Complaint must be dismissed.

Count II of the Complaint alleges a violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 et seq. Under Missouri Revised Statute § 407.020.1:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Recently, the Missouri Court of Appeals for the Eastern District stated, "[w]e are not persuaded that actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transaction, are made 'in connection with' the sale or advertisement of merchandise as required by the MPA." *State of Missouri ex rel. Koster v. Prof'l Debt Mgmt., LLC*, 351 S.W.3d 668, 674 (Mo. Ct. App. 2011). In that case, the plaintiff sued defendant debt collector for allegedly deceptive and unfair practices. The court applied the statutory requirement "that an unfair trade practice must be made in connection with the sale or advertisement of merchandise to violate the MPA" in reaching its decision that a relationship must exist between the alleged unfair practice or deception and the initial sale or advertisement of merchandise. *Id.* at 675. Thus, the court declined to extend the reach of the MMPA to debt collection by a third party. *Id.*

Here, it is unclear whether the plaintiffs are attempting to allege a violation of the MPA with the initial purchase of their property or with the alleged advertisement of the loan modification, but either claim would fail. The Complaint does not allege any deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, nor does it allege the concealment, suppression, or omission of any material fact in connection with the initial purchase of their property. As such, no MPA claim was properly alleged for that sales transaction. Further, the plaintiffs never secured a loan modification, and so there was no sales transaction at all associated with the loan modification. In fact, the Complaint specifically notes that US Bank was not a party to the initial purchase and supplied no money for the initial purchase. Because the alleged advertisement of the loan modification was some twenty year after the plaintiffs purchased the property, has nothing to do with the purchase, and US Bank was not involved in the purchase, it cannot aid the plaintiffs in stating a claim under the MPA.

Count III of the Complaint alleges fraudulent misrepresentation. "Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Abels v.*

*Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). Under Missouri law, a plaintiff must specifically plead a representation; that is false; that is material; the speaker's knowledge of its falsity or ignorance of its truth; the speaker's intent it be acted on; the hearer's ignorance of the falsity of the representation; the hearer's reliance; the hearer's right to rely on it; and injury. *State ex rel. PaineWebber, Inc. v. Voorhees*, 891 S.W.2d 126, 128 (Mo. banc 1995) (citing *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988)). The plaintiff's entire fraudulent misrepresentation claim hinges on the Complaint's allegation that US Bank and its agents falsely represented to the plaintiffs that it was and is the holder of the Note and Deed. Nothing in the Complaint states the basis for the plaintiff's belief that US Bank's representations were false. Additionally, the documents encompassed in the Complaint and public records associated with this case prove the alleged false misrepresentations are, in fact, true. The plaintiffs, instead of responding to the documentary evidence or rebutting US Bank's assertions that it is the holder in any substantive way, point me to the legal conclusions and the formulaic recitation of the elements of a cause of action contained in the Complaint. The plaintiffs have failed to state a claim for fraudulent misrepresentation.

The final count of the Complaint seeks injunctive relief, specifically, an order restraining, enjoining, and prohibiting US Bank from removing plaintiffs

from the property by legal or illegal means. For the same reasons the plaintiff's request for declaratory judgment must be denied, this claim, likewise, fails. Count IV must also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#7] is granted, and this case is dismissed in its entirety.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2012.